UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DEERIC M. STEVENS, | ) |
| Plaintiff, | ) |
| v. | ) 15-2177 |
| TIMOTHY BUKOWSKI, *et al.* | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Metropolitan Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need and failure to protect from harm for events that alleged occurred during his incarceration at Jerome Combs Detention Center.  The matter comes before this Court for merit review under 28 U.S.C. §1915A.  In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is

plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff is a federal pretrial detainee. All allegations in this lawsuit stem from events that allegedly occurred during Plaintiff's incarceration at Jerome Combs Detention Center ("JCDC"). The Defendants are all employed at JCDC in various capacities.

Plaintiff alleges that on December 26, 2013, he was assaulted by other inmates. Plaintiff alleges he suffered a broken jaw. After the attack, Plaintiff alleges he was taken to a disciplinary segregation cell and his repeated requests for medical treatment were ignored. Plaintiff alleges that he was bleeding profusely from his face and the need for medical care was so obvious that other inmates in segregation tried to notify JCDC officials of Plaintiff's condition. Plaintiff alleges he now suffers from extreme pain, nerve damage, and difficulty eating.

Plaintiff also alleges that JCDC officials knew of an increased risk to the safety of all inmates as a shank was found approximately eight (8) days prior to the alleged attack. Still, Plaintiff alleges that

JCDC officials failed to adequately staff his housing pod and, as a result, JCDC officials were unable to come to his aid.

## ANALYSIS

As a pretrial detainee, Plaintiff's claim arises under the Fourteenth Amendment, rather than the Eighth Amendment's proscription against cruel and unusual punishment. Mayoral v. Sheahan, 245 F.2d 934, 938 (7th Cir. 2001). Despite this distinction, there exists "little practical difference between the two standards." Id. (quoting Weiss v. Cooley, 230 F.3d 1027, 1032 (7th Cir. 2000)).

### Denial of Medical Care

To state a claim for inadequate medical care, the Plaintiff must allege that the prison official acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. Mayoral, 245 F.3d at 938. Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff alleges he suffered a broken jaw and that JCDC officials ignored his requests for medical help despite the obvious nature of his injuries. Plaintiff has sufficiently stated a claim for deliberate indifference to a serious medical need.

## Failure to Protect

To state a claim for failure to protect, a plaintiff must allege (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and, (2) prison officials acted with "deliberate indifference" to that risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994). For purposes of satisfying the first prong, "it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." Id. at 843. Liability attaches where "deliberate indifference by prison officials effectively condones the attack by allowing it to happen…." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996).

Plaintiff alleges that JCDC officials failed to adequately staff his housing pod even in light of the fact that a homemade weapon (shank) had been found in the pod. Liberally construed, Plaintiff's allegations could support a claim that he faced a substantial risk of harm to his safety and that prison officials were deliberately indifferent. Therefore, the Court cannot rule out a constitutional claim at this point.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claims: Eighth Amendment claims for deliberate indifference to a serious medical need and failure to protect. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.**

**3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have**

been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)   With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)   Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6)   This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)  Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8)  Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)  If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10)  Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11)  The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, <u>if not already done</u>, and to attempt service on Defendants pursuant to the standard procedures.

ENTERED:      October 20, 2015

FOR THE COURT:

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE