UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

SPRINGFIELD DIVISION

DE'ERIC M. STEVENS            )
      Plaintiff,             ) Case No. 15-cv-2177
v.                            ) Judge Sue E. Myerscough
TIMOTHY F. BUKOWSKI et al.,   )
      Defendant(s).          ) JURY DEMAND

BRIEF IN SUPPORT OF

PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

Statement of the Case

This is a 42 U.S.C. 1983 action filed by a prisoner at the Metropolitan Correctional Center seeking damages, and a declaratory judgement based on the deliberate indifference to personal safety, the denial of procedural due process, and the deliberate indifference to serious medical needs.

In this motion the plaintiff seeks summary judgement on his claims of deliberate indifference to serious medical needs, deliberate indifference to personal safety, and the claims of denial of procedural due process of law.

Statement of Facts

As set forth in the accompanying affidavit of the plaintiff De'Eric M. Stevens, which is copied in this brief in

its entirety, plaintiff states:

Paragraph 1.) At approximately 0530hrs, the plaintiff (who was at the time of the incident being detained at the Jerome Combs Detention Center in Kankakee, Illinois) was subjected to the repeated and consecutive assaults to his person which resulted in his jaw being broken in two areas and both of his eyes blackened.(See attached Exhibits JCDC 000381, JCDC 000284, and JCDC 000287 which corroborate the aforementioned paragraph).

Paragraph 2.) This was due to the systematic deficiencies in the staffing, procedures, manpower, and supervision, of which defendants Warden Timothy F. Bukowski and Chief Michael D. Downey were liable to correct after the discovery of a well documented shank found 8 days prior to the assault on the very pod on which the plaintiff was assaulted (See Attached Exhibits JCDC 000373, JCDC 000246, and JCDC 000387 which corroborates the above mentioned paragraph).

Paragraph 3.) Immediately after these repeated and consecutive assaults which resulted in the plaintiff's jaw being broken in two areas, and both of his eyes blackened, the plaintiff was noticed by defendants Benjamin Garcia, and Richard Ball to have left a pool of blood on the dayroom floor (See attached Exhibit JCDC 000373 which corroborates the aforementioned paragraph).

Paragraph 4.) The plaintiff was further noticed by defendant Benjamin Garcia to be bleeding profusely from his face. When the plaintiff was asked if he needed medical attention the plaintiff allegedly stated to defendant Benjamin Garcia that "he was not sure, and he could not feel his jaw." (See Exhibit

JCDC 000026-Incident Report Statement, which corroborates the aforementioned paragraph.)

Paragraph 5.) The plaintiff, despite his obvious need for medical attention, was then escorted and/or witnessed being escorted to a disciplinary segregated cell by defendants Richard Ball, Todd Schloendorf, Zachary Tutt, Travis Molinga, and Benjamin Garcia (See Exhibit JCDC 000373, JCDC 000381, and JCDC 000242 which all corroborates the above mentioned paragraph).

Paragraph 6.) The plaintiff was subjected to the prolonged wanton infliction of pain inside the disciplinary segregated cell from 0530hrs until 0800hrs, which is approximately 2 hours and 30 minutes. Plaintiff ultimately did not receive medical attention until approximately 0900hrs, when he was first seen by medical professionals at the St. Mary's Hospital located in Kankakee, Illinois (See Exhibits JCDC 000242, and JCDC 000283 which corroborates the aforementioned paragraph).

ARGUMENT

POINT I

THE DELIBERATE INDIFFERENCE TO THE PERSONAL
SAFETY OF THE PLAINTIFF
AND THE VIOLATION OF THE PLAINTIFF'S RIGHT TO DUE PROCESS
BY DEFENDANTS TIMOTHY BUKOWSKI AND MICHAEL DOWNEY

The Constitution is violated "where defendants know of

the danger or where the threat of violence is so substantial and pervasive that their knowledge could be inferred, and yet defendants failed to embrace a policy or take other reasonable steps which may have prevented the harm." Farmer v. Brennan, 511 U.S. at 828, 834-47, 114 S. Ct. 1970 (1994); accord, Goka v. Bobbitt, 862 F.2d 646, 651 (7th Cir. 1988).

Risk that is "very likely to result in a violation of the prisoners constitutional rights." Farmer v. Brennan, 511 U.S. at 833, 837; see Berry v. City of Muskogee, 900 F.2d 1489, 1496 (10th Cir 1990).

Evidence of the lack of a policy or procedure for reviewing and following up on incident reports supported plaintiff's deliberate indifference claim. A.M. v. Luzerne County Juvenile Detention Center, 372 F.3s 572, 583 (3rd Cir. 2004).

The Supreme Court has said that "it does not matter whether the risk comes from a single source or multiple sources, anymore than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." Farmer v. Brennan, 511 U.S. 825, 843, 114 S.Ct 1970 (1994).

Deliberate Indifference may be shown by "knowing acquiescence in the unconstitutional behavior of... subordinates,.... persistently violat[ing] a statutory duty to inquire about such behavior and to be responsible for preventing it,... failure to train or supervise... or an official acquiescence in the continued existence of prison conditions which, themselves, are so injurious to prisoners that they amount to a constitutional violation." Fisher v.

Koehler, 692 F. Supp. at 1561 (citations omitted); accord, Villante v. Dep't of Corrections of City of New York, 786 F.2d 516, 519 (2d Cir. 1986)

Evidence that officials provided only one guard for three barracks housing 150 inmates, and did not change staffing even though one barrack was known to be extremely violent, supported an Eighth Amendment claim. Krein v. Norris, 309 F. 3d 487, 489-91 (8th Cir 2002)

Lopez v. LeMaster, 172 F.3d 756, 762 (10th Cir 1999) (acknowledge deficiencies in staffing and supervision).

Berry v. City of Muskogee, 900 F.2d 1489, 1497-98 (10th Cir 1990) (inadequate staffing, failure to lock inmates in at night).

Rodriguez v. Connecticut, 169 F. Supp. 2d 39, 48 (D.Conn.2001) (Proof that officers were off their post and watching television rather than supervising a "Close Custody" unit would support a deliberate indifference claim).

Winton v. Board of Commissioners of Tulsa County, Okla., 88 F. Supp. 2d 1247, 1268 (N.D.Okla.2000) (under-staffing could be a "de facto polic[y] of inaction" supporting liability).

Vosburg v. Solem, 845 F.2d 763, 767 (8th Cir. 1988) (Failure to develop policies to protect inmates in high-risk areas).

Matzker v. Herr, 748 F.2d 1142, 1149 (7th Cir. 1984) (failure to "exercise proper supervisory authority or direction" to remedy known violence problems).

On December 26, 2013 at approximately 0530hrs plaintiff De'Eric M. Stevens, was subjected to the repeated

and consecutive assaults to his person which resulted in his jaw being broken in two areas and both of his eyes blackened (See Exhibit JCDC 000287 which corroborates the aforementioned injuries); this was due to the deliberate indifference to his personal safety, and the violation of his right to due process of law by Defendant's Warden Timothy F. Bukowski, and Chief Michael D. Downey, who were liable for the systematic deficiencies in staffing, manpower, procedures, and supervision.

Defendants Timothy F. Bukowski and Michael D. Downey had a duty after the discovery of the well documented shank (See Exhibit JCDC 000387) to take the substantial steps needed to ensure the safety and security of everyone housed in the Jerome Combs Detention Center. Both Defendants Timothy F. Bukowski and Michael D. Downey failed to embrace a policy or otherwise take reasonable steps to cure the systematic deficiencies in staffing, manpower, procedures, and supervision, which is corroborated in Exhibits JCDC 000246, and JCDC 000373 to wit: Exhibit JCDC 000246 gives a clear showing that although multiple officers were assigned to the booking area of the jail, Exhibit JCDC 000373 shows that at the time of the incident they were not in their respective stations, and that they did not receive the 10-10 Max (A) alert because they were not at their stations. (See Exhibit JCDC 000373 which reveals Defendant Richard Ball stating that he was alone in booking at the time of this incident).

The officials that were designated to be in booking were not there, despite the fact that the Pod where the 10-10 was being alerted was exactly the Pod where the well-

documented shank was discovered 8 days prior, and where the threat of danger was thus imminent.

"Exhibit JCDC 000246," also shows that only Defendant Zachary Tutt was working on the Maximum Wing of the facility on the date of the incident.

The aforementioned statements and evidence shows that despite the threat of danger being imminent to the group of detainees being housed in the Max (A) Pod, Defendants Warden Timothy F. Bukowski, and Chief Michael D. Downey did not take the substantial or reasonable steps to ensure the safety of anyone. Had they done so, policies and procedures would have been implemented such that officers would be stationed where they were designated, and there would not have been only one officer working Max (A) Pod, an area where the threat of danger was ripe.

POINT II

DELIBERATE INDIFFERENCE TO THE SERIOUS MEDICAL NEEDS
OF THE PLAINTIFF
WHICH DENIED HIM THE DUE PROCESS OF LAW
BY DEFENDANTS RICHARD BALL, TODD SCHLOENDORF
ZACHARY TUTT, TRAVIS MONLINGA AND BENJAMIN GARCIA

Cuoco v. Moritsugu, 222 F.3d 99, 106-07 (2d Cir. 2000) (Holding that pre-trial detainees medical care claims invoke the Eight Amendment deliberate indifference standard). Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir 1996) (Under Eighth Amendment and Due Process Clause, "the

applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees.") Plaintiff De'Eric M. Stevens' right to medical care is protected by the Due Process Clause. He has a liberty interest in not being subjected to the prolonged wanton infliction of pain, to instead have provided for him, the immediate medical relief.

*The defendants knowledge of the plaintiffs medical woes, and the failure to reasonably respond by Defendants Richard Ball, Todd Schloendorf, Zachary Tutt, Travis Molinga, and Benjamin Garcia, denied plaintiff Due Process of Law, and resulted in the Deliberate Indifference to the Plaintiff's serious Medical Needs.*

One court has stated that "an unexplained delay of hours in treating a serious injury states a prima facie case of deliberate indifference." Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir 1990) (four-hour delay in treating a broken foot); accord, Reed v. Dunham, 893 F.2d 285, 287 (10th Cir 1990) (two-hour delay in treatment for stab wounds); Johnson v. Summers, 411 Mass. 82, 577 N.E.2d 301, 305 (Mass. 1991) (delay of hours in taking prisoner with a broken leg to the hospital).

In Exhibit JCDC 000026 Defendant Benjamin Garcia states: "Inmate Stevens, Deeric was brought to his feet by R/O and C/O Molinga and moved to Max C. He was bleeding profusely from his face and stated that he could not feel his jaw. He stated he was not sure if he needed medical treatment. There

was also a large pool of blood in the Max A dayroom from inmate Stevens, which was then cleaned up."

Despite the obvious need for medical attention, the plaintiff was taken to a disciplinary segregated cell (See Exhibit JCDC 000242 which corroborates this paragraph) by Defendants Travis Molinga and Benjamin Garcia, and made to stay there for more than 2 and a half hours.

Although Defendants Richard Ball, Todd Schloendorf, Zachary Tutt, and Travis Molinga did not partake in physically moving the plaintiff De'Eric M. Stevens to the disciplinary segregated cell, they were aware of the plaintiff's serious medical needs, did not take reasonable steps to obtain medical relief for the plaintiff, and were as a result deliberately indifferent to the plaintiff's serious medical needs.

Davis v. Jones, 936 F.2d 971, 971 (7th Cir. 1991) (police are obligated to obtain medicare care if an injury "reasonably appears to be serious"); Farrow v. West, 320 F3.d 1235, 1244-45 (11th Cir. 2003) (holding that pain, bleeding and swollen gums, and teeth slicing into gums of prisoner who needed dentures helped show serious medical need; "life-long handicap or permanent loss" not required on these facts); Gutierrez v. Peters, 111 F.3d 914, 916-17 (7th Cir. 1997) ("delays in treating painful medical conditions that are not life-threatening can support Eighth Amendment Claims"; infected pilonidal cyst).

CONCLUSION

For the foregoing reasons, the court should grant the plaintiff summary judgement of liability on his due process claims, deliberate indifference to his serious medical need, and deliberate indifference to his personal safety claims. The amount of damages due to the plaintiff must be determined at trial. Patterson v. Coughlin, 905 F.2d 564,570 (2d Cir. 1990)

04/06/16

Respectfully submitted,

[signature]

De'Eric M. Stevens #45815-424
Metropolitan Correctional Center
71 W. Van Buren Street
Chicago, Illinois 60605

OFFICIAL SEAL
MICHAEL WRIGHT
Notary Public - State of Illinois
My Commission Expires Jan 30, 2019

[signature]
3-31-16